# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40338
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OBDULIA LUCIO-GUEVARA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-1032-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Citing *United States v. Franco-Galvan*, 864 F.3d 338 (5th Cir. 2017), Obdulia Lucio-Guevara appeals the district court's assessment of the eight-level enhancement under U.S.S.G. § 2L1.2(b)(2)(B). That enhancement was applied based on the sentence imposed for Lucio-Guevara's 2006 conviction for transportation of an undocumented alien within the United States by means of a motor vehicle for private financial gain.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40338

Lucio-Guevara is correct that the district court, for purposes of § 2L1.2(b)(2)(B), should have considered only the 18-month sentence she received in that case prior to her first order of deportation and not the post-deportation six-month sentence later imposed upon revocation of her supervised release. *See Franco-Galvan*, 864 F.3d at 340-43. The district court thus erred in applying § 2L1.2(b)(2)(B) and should have instead applied the six-level enhancement under § 2L1.2(b)(2)(C). *See* § 2L1.2(b)(2)(B), (C).

The district court did not consider the correct guidelines range in selecting Lucio-Guevara's sentence. Given that the district court imposed a sentence at the bottom of the incorrect range and did not give any indication that it would have otherwise imposed the same sentence, the Government has not demonstrated that the error was harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 713-14, 718-19 (5th Cir. 2010).

Accordingly, we VACATE the sentence and REMAND to the district court for resentencing.